IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS ELIAZAR ROCHA,

      Plaintiff,

v.

                                              No. 16-cv-1088 KRS

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER STRIKING PLAINTIFF'S APPENDIX/SUPPLEMENT

**THIS MATTER** is before the Court on Plaintiff's appendix/supplement to his motion to reverse or remand the agency's adverse determination denying benefits. [Doc. 26]. The filing does not add additional argument, but does include documents that appear to show various disciplinary actions taken by Plaintiff's employer in 2017. Defendant has responded to the appendix/supplement and challenges it as an improper attempt to supplement the administrative record. The Court **FINDS** the appendix/supplement is not properly before it and **STRIKES** it from the docket.

This Court's review is limited to the administrative record, which consists of the evidence that was before the agency at the time the decision became final. *See Weinberger v. Salfi*, 422 U.S. 749, 763, (1975) (citing 42 U.S.C. § 405(g); *Brandtner v. Dep't of Health and Human Servs.*, 150 F.3d 1306, 1307 (10th Cir. 1998). Section 405(g) of the Social Security Act specifically provides that the Court's review is made "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g). The Court, however, "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Plaintiff's appendix/supplement is neither part of the administrative record nor a pleading. *See* Fed. R. Civ. P. 7 (explaining "[o]nly these pleading are allowed a complaint; (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer"). To the extent the Court could construe Plaintiff's appendix/supplement as a motion to supplement the record, Plaintiff has not made a showing of materiality. The documents concern a time frame *after* the period of disability the agency considered in denying his applications for benefits. Explicit in Section 405(g) is also that the agency first consider any new material. Thus, the Court could not examine the appendix/supplement even if it determined the new records were material, which the Court does not. At most, the Court could summarily remand the case so the agency could take additional evidence.

The Court concludes that Plaintiff's appendix/supplement is not properly before it. Even liberally construing his *pro se* filing, the Court is not permitted to grant the relief Plaintiff appears to request. The Court itself may not review the new information, and Plaintiff does not meet the standard that would allow the Court to remand the matter to the agency.

**IT IS, THEREFORE, ORDERED** that Plaintiff's appendix/supplement [Doc. 26] is **STRICKEN** and the Clerk of Court is directed to remove it from the docket.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent